RICARDO FERRO ET UX., Plaintiffs and Appellees, v. METRO-
POLITAN BUS AUTHORITY, Defendant and Appellant.

No. R-63-292.        Decided February 19, 1965.

*Alberto Picó* and *Francisco A. Rosa Silva* for appellant. *Julio
Suárez Garriga* for appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge
of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Plaintiff suffered a fall when alighting from
a bus belonging to the Metropolitan Bus Authority. She
suffered damages and the trial court compensated her order-
ing the Authority to pay $1,500 plus $500 for attorney's
fees. We agreed to review the judgment rendered.

The trial court determined that "the accident occurred
because the exit steps of the bus in question were made of
metal, had over 4 years of use, were fairly worn out, and
did not have the protecting rubber matting like other buses
of said Authority, as a result of which circumstances plain-
tiff slipped when she put her foot on the last step and fell
forward on the sidewalk of said avenue." It decided that
"the accident was the result of defendant's negligence in

keeping said steps in the conditions previously described."

Plaintiff was the only witness to testify on the conditions of the bus steps. She testified that they did not have rubber matting, that "it was as if I had stepped on ice," and after falling down, "I looked and saw it was shiny; I saw it from the sidewalk." She also testified that the step was wet and she attests that "they were worn out not from what I saw, but from what I felt."

The only eyewitness for plaintiff stated that she did not notice the last step.

Prior to the trial a deposition was taken from plaintiff and she affirmed that after the accident the driver commented: "Actually, you saw I was not negligent because I acted correctly, but it is the step that is completely worn out." Now, then, when she testified at the trial she said that the driver has said: "you see I was not negligent because I opened the door." She does not refer to the driver's remark in relation to the condition of the step.

■ The evidence previously recited is insufficient to establish that the steps were smooth, especially if it is considered that the defendant presented in evidence some photographs of the steps which show that the latter had grooves and were not smooth or worn out. The absence of rubber matting on the steps does not constitute negligence; they may be safe without being protected by rubber matting where, as in the present case, they have grooves for the purpose of preventing a completely smooth surface propitious to falls. *Torres* v. *Metropolitan School, ante,* p. 1; *Weber* v. *Mejías,* 85 P.R.R. 72 (1962); and *Goose* v. *Hilton Hotels,* 79 P.R.R. 494 (1956).

■ It seems that the accident was not due to plaintiff's slip, but to her failure to watch her step, since she fell forward. Plaintiff testified in her deposition that "the bus had stopped and I fell headlong against the wheel of the *piragua*

cart." When she was asked "what step did you slip" she answered: "When I was going to put my foot on the first step, I put it directly on the street; I did not even put it on the street because I fell headfirst."

It is evident that defendant's liability was not established. Judgment is reversed and complaint dismissed.